UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COMMODITY FUTURES TRADING
COMMISSION,

                 Plaintiff,

     v.

OR PATREANU, SNIR HANANYA, ARTEM
PROKOPENKO, ELIJAH SAMSON, and
Expected Value Plus Ltd.,

                 Defendants.

Case No. 23-cv-20782

ECF Case

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO MOTION TO
DISMISS CLAIMS AGAINST
DEFENDANT ELIJAH SAMSON
[DKT. 69]**

Hearing Date: August 4, 2025

TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................ 1

II.   PROCEDURAL HISTORY ...................................................................... 1

III.  LEGAL STANDARD .............................................................................. 1

IV.   ARGUMENT ............................................................................................ 2

V.    CONCLUSION ......................................................................................... 5

## **TABLE OF AUTHORITIES**

Cases                                                                                 Page(s)

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 2

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) .................................................................... 2

*Institutional Investors Group v. Avaya, Inc.*,
  564 F.3d 242 (3d Cir. 2009) ................................................................. 4, 5

*Klotz v. Celentano Stadtmauer and Walentowicz LLP*,
  991 F.3d 458 (3d Cir. 2021) .................................................................... 2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ................................................................................. 4

*United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*,
  812 F.3d 294 (3d Cir. 2016) ................................................................. 2, 3

Statutes

7 U.S.C. § 9(1) ............................................................................................ 1

Rules

i

Fed. R. Civ. P. 8 ...................................................................................................... 2, 3

Fed. R. Civ. P. 8(a)(2) ................................................................................................ 2

Fed. R. Civ. P. 9(b) ................................................................................................. 2, 5

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1, 2, 4

L.Cv.R. 7.1(d)(2) ......................................................................................................... 1

Regulations

17 C.F.R. § 180.1(a)(1)-(3) (2022) ............................................................................. 1

## I.   INTRODUCTION

In accordance with L.Cv.R. 7.1(d)(2), Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") respectfully submits this Response in Opposition to the Motion to Dismiss ("Motion") [Dkt. 69] filed by Defendant Elijah Samson ("Samson").

## II.   PROCEDURAL HISTORY

The Commission filed its Complaint [Dkt. 1] on September 29, 2023, alleging Defendants operated a fraudulent scheme in connection with the purchase, sale, and trading of digital asset commodities in interstate commerce in violation of Section 6(c)(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 9(1), and Commission Regulation ("Regulation") 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2022).  On or about January 3, 2024, the Commission caused all documents necessary for service under the Hague Convention to be mailed to the appropriate Central Authority for each country in which a Defendant was believed to reside, including Germany where Samson resides.  *See* Dkt. 7.  On July 9, 2025, Samson filed the instant Motion (and an answer to the Complaint) [Dkt. 69], and the Commission received notice of these filings on July 11, 2025, through the Court's CM/ECF notification system.

## III.   LEGAL STANDARD

In his Motion, Samson asks the Court to summarily "dismiss all claims against him individually" without stating a legal basis for his request.  *See* Dkt. 69 at 1, 2.  The Commission hereby responds to the Motion as if it were filed pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] Should the Court interpret Samson's Motion as something other than a Rule 12(b)(6) motion, the Commission respectfully requests the opportunity to amend its Opposition accordingly.

"To survive a Rule 12(b)(6) motion, a complaint must set forth enough factual allegations to 'state a claim to relief that is plausible on its face.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When reviewing a 12(b)(6) motion, the Court accepts as true all factual allegations in the complaint and views those facts in the light most favorable to the non-moving party. *Id.*

Under Fed. R. Civ. P. 8(a)(2), a pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 677-678. "[T]he pleading standard Fed. R. Civ. P. 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). When alleging fraud, the heightened pleading standard set forth in Fed. R. Civ. P. 9(b) requires a party to state with particularity the circumstances constituting the fraud. *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (a plaintiff alleging fraud must support its allegations with the "who, what, when, where and how" of the fraudulent scheme). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

## IV.  ARGUMENT

In his Motion, Samson asserts seven "Grounds" for dismissing the Complaint against him. *See* Dkt. 69 at 1-2. None of these grounds calls into question the sufficiency of the allegations against him in the Complaint for purposes of Rule 12(b)(6), and the Complaint on its

face otherwise satisfies the pleading standards of Fed. R. Civ. P. 8 and 9(b).  Therefore, Samson's Motion should be denied.

As bases for dismissal in Ground 1, Samson admits he was employed "by one of the entities involved" and asserts he had no "ownership interest or managerial interest over client funds, company operations, or financial decisions."  Dkt. 69 at 1.  Neither of these assertions weighs on the sufficiency of the Complaint.  In fact, the Complaint does not even allege Samson was an owner, manager, or controlling person of Defendant Expected Value Plus Ltd. d/b/a Cryptobravos ("Cryptobravos"), but rather a "high-level call center employee" who, "in that capacity, [ ] fraudulently solicited over 130 bitcoin with a present value of over $3 million, as well as over $400,000 in fiat currency."  Compl. ¶ 2.  Furthermore, the Complaint alleges with particularity Samson's role with Cryptobravos and the fraudulent acts he committed in violation of the Act and Regulations.  *See, e.g.,* Compl. ¶¶ 18, 21, 25, 31, 37-53, 58-62, 65.  These and the other allegations in the Complaint provide the "who, what, when, where and how" of the fraudulent scheme in which Samson participated.  *Majestic Blue Fisheries, LLC*, 812 F.3d at 307.

For Ground 2, Samson states his "actions were limited to routine employee duties under direct supervision," he "derived no personal financial benefit from the alleged scheme," and he "did not participate in [the alleged scheme's] design or implementation."[2]  Dkt. 69 at 1.  For

_____

[2] Samson's assertion in Ground 2 that he derived no financial benefit from the scheme is belied by his statement in Ground 7 that he "was under extreme financial distress at that time, heavily indebted and facing no viable alternative to support my family" and that his "participation was driven solely by necessity for survival…"

3

Ground 6, Samson merely contests the allegations in ¶ 50 of the Complaint[3] based on his assertion that he "was residing in Germany having already fled Ukraine and was employed by a different firm." Dkt. 69 at 2. Again, none of these points challenges the sufficiency of the allegations against him, but rather they merely raise potential factual disputes to be determined at trial. *Cf. Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 260 n.31 (3d Cir. 2009) ("[I]n reviewing a district court's dismissal under Rule 12(b)(6), we do not resolve factual disputes… Rather, we 'must…accept all factual allegations in the complaint as true.'" (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

While some of Samson's statements set forth in Grounds 3-5 sound regrettable, none of them bear on the sufficiency of the Complaint and hence are irrelevant to Samson's Motion and should be disregarded in this context.

Ground 7 also fails to support Samson's Motion for reasons described above. It states:

> While I did become aware of aspects of the alleged fraudulent scheme, I was under extreme financial distress at that time, heavily indebted and facing no viable alternative to support my family. To bring the truth to light and mitigate harm, I provided information confidentially to a journalist at the Times of Israel, explaining that my participation was driven solely by necessity for survival and not by intent to defraud. I respectfully assert that my involvement was non-criminal, non-managerial, and devoid of fraudulent intent. Dkt. 69 at 2.

---

[3] "On or around March 22, 2019, Customer 3 wired $15,000 to Cryptobravos from a United States bank. Samson notified Prokopenko and Patreanu of the wire on the same day. When the wire failed, Samson instructed Customer 3 to transfer the funds to Cryptobravos as bitcoin using Exchange 2, a virtual currency exchange located in New York. Customer 3 completed his deposit by sending bitcoin to Cryptobravos through Exchange 2 on or around April 15, 2023. The same day, Samson notified Patreanu of the transfer and the identity of the wallet to which the funds were deposited."

Here, Samson asserts new facts that are completely irrelevant to evaluating the sufficiency of the Complaint for 12(b)(6) purposes.  In addition, he ostensibly denies the allegations regarding his scienter in connection with Defendants' scheme[4] which is an issue to be determined at trial, not resolved upon a motion dismiss.  *See Institutional Investors Group*, 564 F.3d at 260 n.31, *supra*.  To the extent Samson is challenging the sufficiency of the allegations regarding his scienter, the Complaint more than satisfies the general pleading requirement for scienter under Fed. R. Civ. P. 9(b).  *See, e.g.,* Compl. ¶¶ 25, 37-39, 65.

## V.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court deny Defendant's Motion and enter the attached proposed order.

Dated: July 21, 2025                    Respectfully submitted,

COMMODITY FUTURES TRADING
COMMISSION

By: s/ Daniel C. Jordan
DANIEL C. JORDAN
VA Bar No. 36382
Chief Trial Attorney
djordan@cftc.gov
(202) 418-5339

RISHI K. GUPTA
Senior Trial Attorney
(Attorney-In-Charge)
MA Bar No. 663782
rgupta@cftc.gov
(202) 418-6773

---

[4] *See, e.g.,* Compl. ¶ 65.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 21, 2025, I caused to be delivered to Defendant Elijah

Samson a copy of the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO

DEFENDANT ELIJAH SAMSON'S MOTION TO DISMISS COMPLAINT via email at

elijahXXXXXXXX91@XXXXX.com in accordance with Defendant's consent to "receive all

future communications regarding this case via email at the address provided." *See* Dkt. 69 at 4.

s/ Daniel C. Jordan
DANIEL C. JORDAN
